**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO ANTONIO NORIEGA-BEJARANO, AKA Francisco Antonio Bejarano, AKA Antonio Rodriguez-Huerta, AKA Antonio Rodriguez-Vuelta,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 19-72943<br><br>Agency No. A205-931-030<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: SILER,[***] S.R. THOMAS, and CALLAHAN, Circuit Judges.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Francisco Noriega-Bejarano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for cancellation of removal and his motion for a continuance. We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review de novo jurisdictional issues and claims of legal or constitutional error. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1245 (9th Cir. 2008) (per curiam). We review for abuse of discretion the denial of a continuance. *Id.* at 1246. Where, as here, the BIA has conducted a de novo review of the IJ's decision, we review the BIA's decision and any of the IJ's reasoning that the BIA has incorporated as its own. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

I

We lack jurisdiction to review Noriega-Bejarano's various challenges to the agency's discretionary determination that his removal would not result in the requisite hardship to his qualifying family members. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012); 8 U.S.C. §§ 1229b(b)(1), 1252(a)(2)(B)(i). Most of Noriega-Bejarano's contentions are simply "an attempt to 'cloak[] an abuse of discretion argument' in the garb of a question of law." *Mendez-Castro v.*

*Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (alteration in original) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). Insofar as Noriega-Bejarano challenges the legal standard applied by the agency, we lack jurisdiction over this argument because it is not colorable: The IJ and the BIA cited and applied the relevant legal standards in assessing hardship in the aggregate, "which is all our review requires." *Id.*; *see also Vilchiz-Soto*, 688 F.3d at 644 (explaining we retain jurisdiction to review only "colorable legal or constitutional claim[s]").

II

The BIA did not abuse its discretion by affirming the IJ's decision that Noriega-Bejarano lacked good cause for a continuance, where Noriega-Bejarano had already been granted several lengthy continuances, the government opposed the latest request, and Noriega-Bejarano has never been able to identify with any specificity what additional evidence might have been introduced had the continuance been granted. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (listing considerations relevant to the "good cause" inquiry); *see also Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (excusing the agency's failure to expressly address the "good cause" factors listed in *Ahmed* where the agency's reasoning was otherwise adequate). Consequently, the denial of the continuance also did not violate Noriega-Bejarano's constitutional right to due process. *See*

3

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding that a petitioner must show error and substantial prejudice to prevail on a due process claim).

III

Although Noriega-Bejarano has not properly raised his claims of ineffective assistance of counsel to the BIA, the BIA order's sua sponte discussion of ineffective assistance at the IJ proceedings was enough to vest us with jurisdiction over that portion of his claims. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("It is well-established that we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency."). Nonetheless, we deny his claim on the merits because we agree with the BIA that Noriega-Bejarano has not adequately shown how he was prejudiced by his former attorney's conduct during the IJ proceedings. *See Iturribarria v. INS*, 321 F.3d 889, 901–02 (9th Cir. 2003). To the extent that Noriega-Bejarano's petition asserts other discrete claims of ineffective assistance of counsel that the BIA's decision did not address and which he has not yet raised before the agency, we dismiss them for lack of jurisdiction. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

**PETITION DISMISSED in part, DENIED in part.**